UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL FONVILLE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | )     Case No. 23-3180 |
| | ) |
| JACK CAMPBELL, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se*, files a Complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated at the Sangamon County Jail. (Doc. 1). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's Complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

Plaintiff names as Defendants Sheriff Jack Campbell, Superintendent Larry Beck, Lieutenant William Smith, Illinois Department of Corrections ("IDOC") Director Rob Jeffreys, Manager of the Jail Detention Standard Unit Edwin Bowen, and IDOC Criminal Justice Specialist Jennifer Delaney.

1

!    Plaintiff lists twenty different constitutional violations that Defendants Campbell, Beck, Smith, Jeffreys, and Bowen allegedly committed. (Doc. 1 at pp. 6-7). For instance, Plaintiff alleges Defendants did not provide detainees access to the law library, failed to provide educational programs, and some of the toilets and sinks at the Jail were inoperable.

Plaintiff also alleges Defendant Bowen performed an annual inspection at the Jail on November 20, 2020, and learned that the Jail had exceeded its occupancy limit. Plaintiff alleges that two or three detainees are assigned to a single cell, and some detainees are forced to sleep on the concrete floor. Plaintiff claims that Defendant Bowen falsified his report, did not conduct a complete and thorough inspection, and as a result, put the detainees' health and safety at risk.

Plaintiff alleges that Defendant Delaney performed an inspection on October 4, 2021, and falsified her inspection report.

Plaintiff claims Defendants Campbell, Beck, and Smith are aware that detainees are underfed, mistreated, and housed in cells with inoperable toilets, but they have done nothing to remedy the issues.

Finally, Plaintiff alleges that officers handcuffed a female detainee, who was nearly naked, to a metal bench at the Jail for hours and refused to allow her to use the restroom or provide clothing.

Plaintiff's Complaint fails to state a claim for relief. First, Plaintiff's allegations are not properly joined in one lawsuit. Unrelated claims against the same defendant may be joined in one action, but different defendants can be joined in one action only if the claims against them arise from the same series of transactions or occurrences. Fed. R. Civ. P. 18, 20; *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013) (court "can require the plaintiff 'to file separate complaints, each confined to one group of injuries and defendants.'") (quoted cite omitted); *Wheeler v. Wexford*

*Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . .").

Second, Plaintiff lacks standing to assert the rights of any other inmate and may not sue on behalf of anyone but himself. *See Lewis v. Casey*, 518 U.S. 343, 349–50 (1996); *Massey v. Helman*, 196 F.3d 727, 739–40 (7th Cir. 1999); *Miller v. Smith*, No. 18-CV-1126-PP, 2022 WL 476039, at *10 (E.D. Wis. Feb. 16, 2022) ("The plaintiff may assert claims on behalf of himself only and only for injuries he personally sustained. He may not pursue claims on behalf of other inmates specifically or generally.").

Plaintiff's Complaint is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff one opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint must stand complete on its own and must not refer to his previous Complaint. His Amended Complaint MUST clearly state what happened, when it happened, which Defendants were involved, how each Defendant was involved, and any harm Plaintiff suffered. Plaintiff MUST also provide the date each allegation occurred or a specific timeframe. If Plaintiff fails to file a timely Amended Complaint or fails to follow the Court's instructions, his case will be dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have one opportunity to file an Amended Complaint within 30 days of this Order. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its**

entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. If Plaintiff fails to file his Amended Complaint on or before the deadline or fails to follow the Court's instructions, his case will be dismissed without prejudice.

2) The Clerk is directed to provide Plaintiff with a blank Section 1983 complaint form for his assistance.

ENTERED:   10/30/2023

                        s/ James E. Shadid
                        James E. Shadid
                        United States District Judge